**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>ERNEST L. RAYTON,<br><br>    Defendant-Appellant. | No. 99-3036<br>(D.C. No. 98-CR-40007)<br>(D. Kan.) |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

Mr. Ernest L. Rayton was charged in a one-count indictment with possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

841(A)(1). He filed a motion to suppress evidence based on the failure of law enforcement officers executing a search warrant at his residence to knock and announce themselves. The district court summarily denied the motion to suppress in a ruling from the bench. Mr. Rayton entered a conditional plea of guilty, reserving the right to appeal the denial of the motion. He was sentenced to a term of imprisonment of 135 months, followed by five years of supervised release. He appeals and we affirm.

In reviewing the denial of a motion to suppress, we "view the evidence in the light most favorable to the prevailing party." *See United States v. De La Cruz-Tapia*, 162 F.3d 1275, 1277 (10th Cir.1998). The reasonableness of a search and seizure under the Fourth Amendment is a question of law we review de novo. *See United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997).

Officers executed search warrants on Mr. Rayton's residence on two occasions, April 12 and May 10, 1996, both times without knocking or announcing themselves. On April 12, the officers were simultaneously executing a drug search warrant on a house across the street. The officers had watched a number of people moving between the two houses and feared that the proximity of the houses would alert targets in either house. The officers also were aware of Mr. Rayton's past arrest record involving weapons and a charge of aggravated assault, his ties with Mr. Ronald Timley who was known to the police to be a

violent drug dealer, and an anonymous tip that Mr. Rayton intended to shoot officers in the event of a raid. As the officers approached, Mr. Rayton's guard dog chained to the front porch began to bark and individuals near the house, who were suspected lookouts and drug buyers, began to run and scatter. The officers proceeded to enter and search the house without knocking and announcing.

On May 10, the police officers again approached Mr. Rayton's house with a search warrant. In addition to their prior knowledge, they were also aware that ammunition and weapons might be in the house because the officers had seized assorted ammunition in the April raid. Again, the guard dog was in front of the house barking. The officers entered without knocking.

Mr. Rayton contends that evidence seized in these two searches should be suppressed because it was obtained in violation of the "no-knock" rule, 18 U.S.C. § 3109. Separating each fact from the whole, Mr. Rayton argues items such as the barking dog or the "bad neighborhood" on their own are innocuous, ought to be discounted, and did not amount to sufficient reason to execute the warrant in "no-knock" fashion. We disagree with Mr. Rayton's approach and conclusion.

It is established that "compliance with § 3109 may be excused only when exigent circumstances exist." *United States v. Maden*, 64 F.3d 1505 (10th Cir. 1995) (citations omitted). The court must determine whether the law enforcement officers held an "objectively reasonable" belief that an emergency situation

existed to excuse compliance with section 3109. *Id.* Assessing an emergency situation requires synthesizing all the facts together as a whole.

Our review of the record as a whole in this case easily persuades us the officers held an objectively reasonable belief there was an emergency situation excusing compliance with section 3109. When we consider together the dog, Mr. Rayton's past history, his known acquaintances, the simultaneous searches of linked drug houses and the other remaining facts, we are satisfied that in this case the two no-knock entries were justified.

We **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge

-4-